IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Power Marketing Direct, Inc., | : | |
|    Plaintiff | : | Case No.  2:05-cv-767 |
| v. | : | Judge Marbley |
| Jimmie Clark, | : | Magistrate Judge Abel |
|    Defendant | : | |

**ORDER**

This matter is before the Court on plaintiff Power Marketing Direct, Inc.'s ("PMD") January 23, 2006 objections to the Magistrate Judge's January 11, 2006 Report and Recommendation, which recommended that plaintiff's motion to remand be denied.  As required by 28 U.S.C. §636(c), the Court has made a *de novo* review of those portions of the Report and Recommendation to which the plaintiff  specifically objects.  Upon *de novo* review, the Court **OVERRULES** plaintiff's objection.

    **I.**    **Background**

Plaintiff is an Ohio corporation in the business of selling retail furniture and bedding products through dealers.  Compl. ¶ 1. Defendant is a Texas resident.  *Id.*  at ¶ *2*. On March 19, 2001, Jimmie Clark signed a license agreement with PMD to become a dealer.  *Id.*  at ¶ *2*. Prior to this action, defendant initiated an action in Texas state court against plaintiff involving this dispute between the parties.  The Texas court granted plaintiff's motion to dismiss.  On July 6, 2005, PMD filed a civil complaint in Franklin County Common Pleas Court against Clark

alleging breach of contract and seeking enforcement of a covenant not to compete clause. On August 12, 2005, Clark removed the action to this Court on the basis of diversity of citizenship.

### II. Arguments of the Parties

#### A. Plaintiff

Plaintiff argues that by contractually agreeing that disputes involving the agreement would be litigated in Franklin County, Ohio, defendant waived his right to determine whether or not the action would be in federal or state court. Plaintiff also argues that a forum selection clause need not contain a "clear and unequivocal" waiver of the right to remove a case to federal court. Plaintiff maintains that the heightened standard does not apply to a contractual waiver, unlike a waiver based on the conduct of a party. Plaintiff further argues that when Clark preemptively filed a lawsuit against plaintiff in Texas state court, he waived his right to remove this action to federal court.

#### B. Defendant

Defendant asserts that the plain language of the agreement only requires that a claim arising out of the agreement be filed in any court in Franklin County, Ohio and does not require exclusive jurisdiction in a specific court within Franklin County, Ohio. Clark maintains that a forum selection clause constitutes a waiver only if such intent is clear and unequivocal, and this clause does not demonstrate a clear and unequivocal waiver. Clark also argues that his previous cause of action against PMD in Texas state court does not constitute a waiver of his right to remove under 28 U.S.C. §1441(a) because Defendant did not manifest intent to litigate in state court.

### III. Discussion

Complete diversity exists between the parties. PMD is an Ohio corporation, and Clark is a citizen of Texas. *See* 28 U.S.C. § 1332. Although the statutory requirements of removal are satisfied, the question remains whether the forum selection clause described in ¶ 27 of the License Agreement limits Defendant's statutory right to remove. The forum selection clause states:

> The Licensor and the Licensee agree that the laws of the State of Ohio shall govern this Agreement. Further, the Licensee and the Licensor each agree that any action, claim, or demand arising under or as a result of this Agreement shall be filed in Franklin County, Ohio and the Licensee hereby agrees and consents to the jurisdiction of any court located in Franklin County, Ohio.

License Agreement ¶ 27.

Plaintiff maintains that the Magistrate Judge erred when he failed to recognize the distinction between a contractual waiver and a waiver based on conduct and improperly applied a heightened proof standard to the forum selection clause in this case. Plaintiff attempts to distinguish this case from *In re Delta Re Ins. Co.*, 900 F.2d 890 (6th Cir. 1990). In *Delta*, the Foreign Services Immunities Act ("FSIA"), which extends removal to actions brought against foreign states, was implicated.

Plaintiff's argument is not persuasive. The Sixth Circuit has clearly held that a forum selection clause constitutes a waiver only if it is clear and unequivocal. *See In re Delta Re Ins. Co.*, 900 F.2d at 892; *Regis Associates v. Rank Hotels, Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990). Both *In re Delta* and *Regis* dealt with a forum selection clause. Although plaintiff appears to argue that the Sixth Circuit improperly applied a heightened standard to waiver based on a forum selection clause, this Court is bound by controlling Sixth Circuit precedent. Despite references

to the case law of other circuits, plaintiff has not provided the Court with any controlling precedent to support its position on which the Court can rely.

Clarity and discernible intent must exist if a forum selection clause seeks to specify exclusive jurisdiction. Such clarity and intent must be unequivocal in order for this Court to hold that a signatory of the forum selection clause waived federal statutory rights to remove to federal court. *In Delta America Re Ins. Co.*, 900 F.2d 890 (6th Cir. 1990); *Power Marketing Direct Inc. v. Ball*, Case No. 2:03-CV-1004 (S.D. Ohio April 6, 2004).

Here, the forum selection clause of the License Agreement lacks clarity, specificity, and discernible intent. The text does not specify a particular court in Franklin County. Removal to this Court satisfies the ordinary meaning of the text because this Court presides in Franklin County, Ohio. Merely because Defendant consented to jurisdiction to any court in a particular geographic location does not translate into a waiver of federal statutory rights to remove to a federal court within that particular geographic area. *See Power Marketing Direct, Inc. v. Ball*, Case No. 2:03-CV-1004 (S.D. Ohio April 6, 2004) *and Provident Bank v. Beck*, 952 F. Supp. 539 (S.D. Ohio 1996).

On April 13, 2005, Jimmie Clark filed a claim against PMD challenging the enforceability of the agreement in Texas state court. Plaintiff contends that this conduct manifests defendant's intent to litigate in state court. However, PMD has not cited any authority supporting the proposition that a change in party status resulting from two separate lawsuits in two different states constitutes forum shopping and a waiver of the right to remove. Although Clark's counterclaim in this case resembles his cause of action in Texas, this is not sufficient to derive an intent to litigate only in state court. The Court, therefore, holds that the previous action

in Texas does not constitute waiver of Defendant's statutory right of removal to federal district court.

IV.     **Conclusion**

For the reasons set out above, plaintiff's objections to the Magistrate Judge's Report and Recommendation are OVERRULED. The Court ADOPTS the Magistrate Judge's January 11, 2006 Report and Recommendation.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge