IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **POWER MARKETING DIRECT, INC.,** : | |
| : | |
| Plaintiff, : | Case No. 2:05-CV-767 |
| : | |
| v.  : | **JUDGE ALGENON L. MARBLEY** |
| : | Magistrate Judge Mark Abel |
| **JAMES CLARK,** : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

Presently before the Court are two motions: (1) Plaintiff Power Marketing Direct, Inc.'s ("PMD") motion for reconsideration of this Court's order dismissing counts one, two, and three of PMD's complaint, and (2) Defendant James Clark's motion for judgment on the pleadings, pursuant to Clark's counterclaim for attorneys' fees.  For the reasons set forth below, the Court **DENIES** PMD's motion for reconsideration (docket no. 38).  The Court also **DENIES** Clark's motion for judgment on the pleadings (docket no. 36), without prejudice to its renewal once all claims in this matter have been finally resolved.

**II.  BACKGROUND**

As described more fully in this Court's September 6, 2006 opinion and order ("Dismissal Order"), PMD and Clark entered into a License Agreement (the "Agreement") whereby Clark became the exclusive retailer in the Austin, Texas metropolitan area of PMD's furniture and bedding products.  The Agreement contained a Non-Compete Clause prohibiting Clark from

1

competing with PMD during the term of the Agreement and for a three-year period following the termination of the Agreement.  Clark terminated his relationship with PMD in April 2005.  Thereafter, PMD brought suit alleging that Clark was in violation of the Agreement's Non-Compete Clause.

On September 6, 2006, this Court dismissed PMD's breach-of-contract, trade-secret, and tortious-interference-with-contract claims.  With respect to PMD's breach-of-contract claim, the Court noted that the Agreement specified that Ohio law would govern any disputes that arose between the parties.  Applying Ohio's choice-of-law principles, the Court concluded that the Non-Compete Clause was not enforceable because the courts of Texas—the state with a materially greater interest than Ohio in the application of the Non-Compete Clause and the state whose law would control the dispute absent the parties' designation of Ohio law—would deem the Non-Compete Clause contrary to Texas's fundamental public policy.  Accordingly, the Court dismissed PMD's breach-of-contract claim.

Next, the Court dismissed PMD's trade-secret and tortious-interference claims.  The Court held that PMD was collaterally estopped from litigating the trade-secret claim based on the Court's dismissal of the same claim asserted by PMD in *Power Mktg. Direct v. Bryce Ball*, No. C2-03-1001, 2004 U.S. Dist. LEXIS 30016 (S.D. Ohio June 28, 2004).  In addition, the Court ruled that PMD's tortious-interference claim was not cognizable given the dismissal of the breach-of-contract claim.

Following this Court's issuance of its Dismissal Order, Clark moved for judgment on the pleadings based on his counterclaim for attorneys' fees.  At the same time that PMD filed its opposition to Clark's motion for judgment on the pleadings, PMD moved the Court to reconsider

its Dismissal Order.  The Court will first dispose of PMD's motion to reconsider and then turn to Clark's motion for judgment on the pleadings.

### III.  ANALYSIS

#### A.  Standard of Review

A motion for reconsideration will be granted only where the moving party demonstrates one of the following: "(1) [a] clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law.  *Ward v. Flying J, Inc.*, No. 06-0210, 2007 U.S. Dist. LEXIS 58278, *6-7 (S.D. Ohio Aug. 9, 2007) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  Motions for reconsideration are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor [are they] a substitute for appeal."  *Krantz v. City of Toledo Police Dep't*, No. 03-7325, 2007 U.S. Dist. LEXIS 54171, *2-3 (N.D. Ohio July 26, 2007).

A motion for judgment on the pleadings is adjudicated under the same standards as a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).  The Court construes the complaint in the light most favorable to the plaintiff and accepts the complaint's factual allegations as true to determine whether the plaintiff has stated a claim for relief.  *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007).

#### B.  PMD's Motion to Reconsider

PMD moves for reconsideration of this Court's Dismissal Order based on the following: (1) the ruling of a Texas court of appeals that affirmed the dismissal of an action filed by Clark against PMD and, in so doing, rejected Clark's argument that the Agreement's forum-selection clause is unenforceable; and (2) rulings by other judges in this District upholding PMD's claims

in similar cases against other licensees.

As described below, neither the ruling of the Texas state court, nor the rulings issued by other judges in this District are sufficient to persuade the Court to reconsider its Dismissal Order.

1. The Texas Action

Before PMD filed this lawsuit, Clark filed an action in Texas state court asserting that PMD procured his assent to the Agreement through fraud.  PMD moved to dismiss the case, citing the Agreement's forum-selection clause, which limits jurisdiction over any proceedings in connection with the Agreement to Franklin County, Ohio.  Following this Court's issuance of the Dismissal Order, a Texas appellate court affirmed the grant of PMD's motion to dismiss.  *See Clark v. Power Marketing Direct, Inc.*, 192 S.W.3d 796 (Tex. App. 2006).

PMD argues that the Texas court held that application of Ohio law with respect to the Non-Compete Clause would not offend Texas's fundamental public policy and that therefore, this Court erred when it endorsed the opposite conclusion in the Dismissal Order.  Review of the Texas decision shows that the Texas court did not make any rulings regarding the enforceability of the Non-Compete Clause.  The Texas court merely affirmed the trial court's conclusion that the action had to be dismissed based on the forum-selection clause requiring any legal challenges to be adjudicated in Franklin County, Ohio.  Just because the Texas court upheld the forum-selection clause does not mean, as PMD contends, that it "necessarily determined that Clark had not demonstrated that 'enforcement [of the Non-Compete Clause] would contravene a strong public policy,'" because the Texas court was not reviewing the enforceability of the Non-Compete Clause.  PMD's Mem. in Supp. of Mot. for Reconsideration, at 6.  Thus, the Texas decision does not establish that this Court erred in its Dismissal Order.

2.  Rulings by Other Judges in This District

PMD has filed other cases in this District raising the same claims against other licensees that it asserts against Clark.  The Court is aware that the judges presiding over these cases have reached conclusions contrary to those of this Court.  PMD points out, for example, that in *Power Marketing Direct, Inc. v. Pagnozzi*, No. 05-766, U.S. Dist. LEXIS 73343 (S.D. Ohio Sept. 29, 2006), decided after this Court entered the Dismissal Order, Judge Sargus held that applying Ohio law to the Non-Compete Clause would not violate Texas's fundamental public policy and that therefore PMD could proceed on its breach-of-contract claim.  In addition, in *Power Marketing Direct, Inc. v. Alan Ball*, No. 03-1004, slip op. (S.D. Ohio Apr. 6, 2004), Judge Graham declined to dismiss PMD's trade-secret and tortious-interference claims, in contrast to this Court's conclusions in *Bryce Ball* and in this case.  Just because PMD's claims were upheld in *Pagnozzi* and *Alan Ball* does not require this Court to rule similarly.  As PMD acknowledges, rulings by other judges in this District are not binding on this Court.

**C.  Clark's Motion for Judgment on the Pleadings**

Clark moves for judgment on the pleadings based on his counterclaim for attorneys' fees. The Agreement provides that in any litigation between the parties, the "prevailing party" is entitled to recover attorneys' fees and costs in connection with the proceeding.  Compl., Ex. A, ¶ 25.  Clark argues that because the Court dismissed three of PMD's four claims, he is the "prevailing party" on those claims and that therefore PMD must compensate him for his attorneys' fees and costs as called for by the Agreement.

PMD opposes Clark's motion as premature.  The Court agrees.  Clark may renew his motion when PMD's single remaining claim—for money owed on Clark's account with

PMD—has been resolved.  Litigating the issue of Clark's entitlement to "prevailing party" attorneys' fees is best reserved for such time as all outstanding claims have been disposed of.

Accordingly, the Court **DENIES** Clark's motion for attorneys' fees without prejudice to its later renewal.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** PMD's motion for reconsideration (docket no. 38) and **DENIES** Clark's motion for judgment on the pleadings (docket no. 36).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: March 20, 2008**